IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. 09-40314 |
| | ) | Chapter 11 |
| DONALD YELTON and | ) | |
| JOAN YELTON, | ) | Adversary Proceeding No. 11-_____ |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT C. BARNETT, JR., Trustee for the | ) | |
| Bankruptcy Estate of Donald Yelton and Joan | ) | |
| Yelton, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| FIRST NATIONAL BANK, EUGENE | ) | |
| MITCHELL, Trustee and JAMIE YELTON, | ) | |
| | | |
| Defendant. | | |

The Plaintiff, complaining of the acts of the Defendants, says and alleges:

1. This is an action to avoid liens and interests in real property and to recover the value thereof for the benefit of the bankruptcy estate, pursuant to Bankruptcy Code Sections 544 and 550.

2. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157, and the local rule referring to the Bankruptcy Judge all bankruptcy matters filed in the United States District Court for the Western District of North Carolina.

3. This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. § 1409.

4. The Debtors filed their Chapter 11 bankruptcy petition on April 17, 2009, in the United States Bankruptcy Court for the Western District of North Carolina; Bankruptcy Case No. 09-40314.

5. The Trustee is the duly appointed and acting Chapter 11 Trustee for the administered bankruptcy estate of Donald Yelton and Joan Yelton.

6. The Defendant First National Bank is a corporation, national bank or other business entity formed and existing under the laws of North Carolina, another state or the United States of America.

7. Upon information and belief, Eugene Mitchell, Trustee is a citizen and resident of Rutherford County, North Carolina, and is the Trustee of the Deed of Trust identified below. The Plaintiff brings this action against Mr. Mitchell, Trustee, solely in his capacity as Trustee of the Deed of Trust as a necessary party for complete relief in this action.

8. The Defendant Jamie Yelton is a citizen and resident of Rutherford County, North Carolina, and is the son of the Debtors.

9. The real property that is the subject of this action is located in Rutherford County, North Carolina, and a more detailed description of the Real Property is contained in the Deed of Trust attached hereto as Exhibit A ("Real Property").

10. On or about July 25, 2005, the Debtors and Jamie Yelton executed a deed of trust on the Real Property in favor of First National Bank to secure a loan to Jamie Yelton ("Deed of Trust"). The Deed of Trust was recorded on or about August 15, 2005 with the Rutherford County Register of Deeds at Book 854, Page 570, and a copy of it is attached hereto as Exhibit A.

11. At the time the Deed of Trust was recorded with the Rutherford County Register of Deeds the record title holders of the Real Property were Stephen Michael Scala and Amelia S. Scala.

12. Thereafter on or about August 25, 2005, a deed was recorded with the Rutherford County Register of Deeds at Book 881, Page 256 conveying the Real Property from the Scalas to the Debtors ("First Deed"). A copy of the First Deed is attached hereto as Exhibit B.

13. No deed was executed, delivered or recorded conveying the Real Property to Jamie Yelton prior to the bankruptcy case of the Debtors nor was any such deed ever intended to be executed, delivered or recorded.

14. Post-petition, on or about May 20, 2009, a second deed was recorded with the Rutherford County Register of Deeds at Book 982, Page 561 conveying the Real Property from the Debtors to Jamie Yelton ("Second Deed"). A copy of the Second Deed is attached hereto as Exhibit C.

15. The Second Deed is the subject of a separate avoidance action now pending in this Court; Adversary Proceeding No. 10-4003.

16. Upon information and belief, Jamie Yelton has asserted an equitable interest in the Real Property on the grounds that he purchased the Real Property from the Debtors prior the filing of the bankruptcy case and that the Real Property was never properly conveyed to him by the Debtors.

17. Upon information and belief, Jamie Yelton never purchased the Real Property from the Debtors.

### FIRST CAUSE OF ACTION
### (Avoidance of liens and interests Under 11 U.S.C Section 544)

18. All preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

19. As of the commencement of the Debtors' bankruptcy case, the Trustee has the rights and powers of a creditor with a judicial lien on the Real Property, pursuant to Bankruptcy Code Section 544(a)(1).

20. As of the commencement of the Debtors' bankruptcy case, the Trustee has the rights and powers of a creditor with an execution returned unsatisfied judicial lien on the Real Property, pursuant to Bankruptcy Code Section 544(a)(2).

21. As of the commencement of the Debtors' bankruptcy case, the Trustee has the rights and powers of a bona fide purchaser of the Real Property without notice of the claims or interests of the Defendants, pursuant to Bankruptcy Code Section 544(a)(3).

22. The rights of the Plaintiff in the Property have priority over, and are superior to, any rights in the Real Property claimed by the Defendants.

23. The Plaintiff is entitled to a declaratory judgment determining that his rights and interests in the Real Property have priority over and are superior to any interest claimed by the Defendants.

24. The Plaintiff is entitled to an order avoiding the liens and interests claimed by the Defendants for the benefit of the bankruptcy estate.

### SECOND CAUSE OF ACTION
### (Post-Petition Transfers under 11 U.S.C. §549)

25. All preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

26. Any interests transferred to or acquired by First National Bank as a result of the Second Deed after the commencement of the bankruptcy case are avoidable pursuant to 11 U.S.C. §549 as having been without authorization by the Bankruptcy Court and without authorization under the Bankruptcy Code.

### THIRD CAUSE OF ACTION
**(Bankruptcy Code Section 550)**

27. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

28. The Defendants are the initial transferees of the liens and interests avoidable in Real Property and are the entities for whose benefit the transfers were made.

29. The Plaintiff is entitled to recover for the benefit of the bankruptcy estate the transfers or the value of the transfers, pursuant to Bankruptcy Code Section 550.

WHEREFORE, the Plaintiff prays the Court that:

1. The Court enter an order avoiding and setting aside the liens and interests of the Defendants in the Real Property;

2. The Plaintiff have and recover from the Defendants the transfers or a sum equal to the value to the transfers, plus interest thereon from the date of the transfers, plus costs;

3. That the Plaintiff have the declaratory relief requested above;

4. The Plaintiff have and recover from the Defendants the costs of this action; and

5. The Plaintiff be awarded such other and further relief as is just and proper.

Dated this 15th day of April, 2011.

JOHN W. TAYLOR, P.C.

/s/ John W. Taylor
John W. Taylor, Bar No. 21378
Attorney for Plaintiff
4600 Park Road, Suite 420
Charlotte, NC 28209
(704) 540-3622