IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. 09-40314 |
| | ) | Chapter 11 |
| DONALD YELTON and | ) | |
| JOAN YELTON, | ) | Adversary Proceeding No. 11-_____ |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT C. BARNETT, JR., Trustee for the | ) | |
| Bankruptcy Estate of Donald Yelton and Joan | ) | |
| Yelton, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GARY JACOBS and JACOBS ENTERPRISES | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, complaining of the acts of the Defendant, says and alleges:

1.   This is an action to avoid transfers of property and to recover the transferred property or the value thereof for the benefit of the bankruptcy estate, pursuant to Bankruptcy Code Sections 544, 547, 548, 549 and 550 and to recover damages under North Carolina.

2.   This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157, and the local rule referring to the Bankruptcy Judge all bankruptcy matters filed in the United States District Court for the Western District of North Carolina.

3.   This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. § 1409.

4.   Upon information and belief, the defendant Gary Jacobs is a citizen and resident of California and/or Arizona and at all time relevant to this action he was conducting business in North Carolina using the assumed name "Jacobs Enterprises LLC."

5.    Upon information and belief, Jacobs Enterprises LLC ("Jacobs Enterprises") is a limited liability company or other business entity organized and existing pursuant to the laws of the State of Arizona or another state and at all times relevant hereto was not authorized to conduct business in the state of North Carolina.

6.    On or about April 17, 2009, the Debtors, Donald Yelton and Joan Yelton ("Debtors"), filed a joint voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina; Bankruptcy Case No. 09-40314.

7.    On September 2, 2009, the Plaintiff, Robert C. Barnett Jr., was duly appointed as Chapter 11 Bankruptcy Trustee in the Debtors' bankruptcy case.

8.    Prior to May 1, 2008, the Debtors owned a health care business in Cleveland County North Carolina known as Yelton's Health Care.

9.    On or about May 1, 2008, the Debtors and the Defendants entered into a written agreement for them to purchase the heath care business from the Debtors for the sum of $3,900,000.00 ("Agreement"). Although the Agreement identified Jacobs Enterprises as the contracting party, at no time relevant to this action was Jacobs Enterprises authorized to conduct business in the state of North Carolina.

10. On or about May 1, 2008, the Debtors transferred their health care business to the Defendants ("Transfer").

11.  The Debtors received only the initial down payment of $250,000.00 for the Transfer.

**FIRST CAUSE OF ACTION**
**Avoidance of Transfer Under 11 U.S.C. Section 548**

12. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

13. The Transfer was a transfer of an interest in property of the Debtors.

14. The Transfer was made for the benefit of Gary Jacobs

15. The Debtors received less than a reasonably equivalent value in exchange for the Transfer and the Debtors were insolvent on the date the Transfer was made, or the Debtors became insolvent as a result of the Transfer.

16. The Plaintiff is entitled to avoid the Transfer pursuant to 11 U.S.C. § 548.

**SECOND CAUSE OF ACTION**
**Avoidance of Transfer Under**
**North Carolina Uniform Fraudulent Transfer Act**

17. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

18. As the Chapter 11 Bankruptcy Trustee, the Plaintiff has standing to bring this claim pursuant to Bankruptcy Code Section 544.

19. At the time of the Transfer, the Debtors were indebted to one or more creditors holding an unsecured claim that is allowable under Bankruptcy Code Section 502 or that is not allowable only under Bankruptcy Code Section 502(e).

20. The Debtors are debtors within the meaning of the North Carolina Uniform Fraudulent Transfer Act ("UFTA").

21. The Transfer from the Debtors was a transfer within the meaning of UFTA.

22. The Transfer was made without the Debtors receiving a reasonably equivalent value in exchange for the Transfer and the Debtors were insolvent at the time of the Transfer, or the Debtors became insolvent as a result of the Transfer, or the Debtors were about to engage in a transaction for which its remaining assets were unreasonably small in relation to the transaction.

23. The Transfer is voidable by the creditors of the Debtors pursuant to N.C. G. S. Sections 39-23.4(a)(1), 39-23.4(a)(2), 39-23.5(a), 39-23.5(b) and 39-23.7(a)(1).

24. The Plaintiff is entitled to avoid the Transfer pursuant to Bankruptcy Code Section 544 and UFTA.

25. The Plaintiff is entitled to recover from the Defendants the Transfer or the value of the Transfer.

**THIRD CAUSE OF ACTION**
**Bankruptcy Code Section 550**

26. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

27. The Transfer is avoidable pursuant to Bankruptcy Code Sections 544 and 548.

28. The Defendants are the  initial transferees of the Transfer or are the persons and entities for whose benefit the Transfer was made or are immediate or mediate transferees of the initial transferee.

29. The Plaintiff is entitled to recover from the Defendants, for the benefit of the bankruptcy estate, the value of the property transferred, pursuant to Bankruptcy Code Section 550.

## FOURTH CAUSE OF ACTION
### Breach of Contract

30. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

31. The Defendants failed to timely perform their obligations under in the Agreement and failed to make payments when due under the terms of the Agreement.

32. The Defendants materially breached the terms of the Agreement resulting in damages to the Debtors in the amount of $3,650,000.00.

33. The Debtors' rights under the Agreement are property of the bankruptcy estate pursuant to 11 U.S.C. Section 541.

34. As Trustee, the Plaintiff is the authorized representative of the bankruptcy estate to bring the claims herein on behalf of the bankruptcy estate.

## FIFTH CAUSE OF ACTION
### Unjust Enrichment
### (In The Alternative)

35. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

36. The Defendants were unjustly enriched through the transfer of the Debtors health care business.

37. The transfer was not gratuitous.

38. The Plaintiff is entitled to recover from the Defendants a sum equal to unpaid value of the property transferred; that being $3,650,000.00 plus interest from the date of the transfer until paid.

## SIXTH CAUSE OF ACTION
### Alter ego claim against Gary Jacobs

39. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

40. At all times relevant hereto, Gary Jacobs owned and controlled Jacobs Enterprises and he operated Jacobs Enterprises for the sole benefit of himself.

41. Upon information and belief, at all times relevant to this action, Jacobs Enterprises was a mere instrumentality of Gary Jacobs.

42. Upon information and belief, Jacobs Enterprises failed to pay its just debts and incurred new debts that remain unpaid, while Gary Jacobs received money and property from it.

43. At all times relevant to this action, Gary Jacobs exercised complete domination and control over Jacobs Enterprises.

44. At all times relevant to this action, Gary Jacobs undercapitalized Jacobs Enterprises or, in the alternative, removed such capital as to cause it to be undercapitalized.

45. Upon information and belief, Gary Jacobs knew that Jacobs Enterprises would not be able to maintain its operations due to its undercapitalization but still caused it to incur debts which it knew it could not and would not pay.

46. Gary Jacobs used his domination and control over Jacobs Enterprises commit wrongdoing, perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of the rights of the Debtors

47. Gary Jacobs's control and exercise of such control proximately caused damages and unjust losses of the Debtors.

48. Upon information and belief, at all times relevant to this action, there was such a unity between Gary Jacobs and Jacobs Enterprises that their separateness had ceased, and a refusal to disregard the legal existence of the Jacobs Enterprises will result in an injustice.

49. Gary Jacobs is jointly and severally liable to the Plaintiff for the payment of Jacobs Enterprises debt to the Debtors.

WHEREFORE, the Plaintiff prays the Court that:

1. The Court enter an order avoiding and setting aside the Transfer;

2.   The Plaintiff have and recover from the Defendants the Transfer or a sum equal to the

value of the Transfer, plus interest thereon from the date of the Transfer;

3.   In addition, he have and recover from the Defendants actual damages for the breach of

contract in the amount of at least $3,650,000.00, plus interest from the date of breach until

paid;

4.   The Court declare that Jacobs Enterprises is an alter ego of Gary Jacobs and that they

are jointly and severally liable for the debt to the Plaintiff;

5.   The Plaintiff have and recover from the Defendants the costs of this action; and

6.   The Plaintiff be awarded such other and further relief as is just and proper.


Dated this 17th day of April, 2011.


                         JOHN W. TAYLOR, P.C.


                         /s/ John W. Taylor
                         John W. Taylor, Bar No. 21378
                         Attorney for Plaintiff
                         4600 Park Road, Suite 420
                         Charlotte, NC 28209; (704) 540-3622